IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____ )
BrandPartners Retail, Inc.            )
                                      )
        v.                            )        Docket No. 09-CV-0371-JM
                                      )
Frank Beardsworth and                 )
D. Christopher Howe                   )
_____ )

## STIPULATION AND PROTECTIVE ORDER
## PURSUANT TO FED. R. CIV. P. 26(c)

        IT IS HEREBY STIPULATED AND AGREED by and among BrandPartners Retail,

Inc., Frank Beardsworth, and D. Christopher Howe (collectively "the parties"), by and through

their attorneys, subject to the approval of the Court, and pursuant to Fed. R. Civ. P. 26(c) that:

        1.      This Stipulation and Protective Order ("Protective Order") shall govern the

handling of all confidential materials ("Confidential Information") produced or otherwise

disclosed in discovery or during any other proceeding in the above-entitled action.

        2.      The purpose of the Protective Order is to protect and preserve the confidentiality

of the parties' Confidential Information.  "Confidential Information" shall refer to any and all

documents, materials, statements, testimony, or other information that is conveyed by one of the

parties ("Producing Party")[1] to another party ("Receiving Party") that the Producing Party

claims, in good faith, to be confidential, private, proprietary, and/or commercially sensitive.

---

[1] As used herein, "Producing Party" shall mean any person or entity, whether a party to this action or not, that has or
    will produce documents or information in connection with this action.

3.      Documents, materials, statements, testimony, or other information that the Producing Party seeks to designate as Confidential Information under this Protective Order shall be stamped or labeled with one of the following two legends:

**CONFIDENTIAL**
**Subject to Protective Order**
or,
**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**Subject to Protective Order**

4.      Materials designated as CONFIDENTIAL shall refer to Confidential Information the disclosure of which the Producing Party maintains should be restricted to only those persons identified in Paragraph 5(a).  Materials designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall refer to Confidential Information the disclosure of which the Producing Party maintains should be restricted to only those persons identified in Paragraph 5(b).

5.      The following provisions govern the disclosure of materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:

a.      Material designated as CONFIDENTIAL and produced pursuant to this Protective Order may be disclosed or made available only to the Court and its staff, to counsel of record for a party in the above-entitled action, as well as in-house attorneys for a party, including the paralegal, clerical, and secretarial staff employed by such counsel, and to the "qualified persons" listed below:

(i)     a party in the above-entitled action, or an officer, director, or former or current employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(ii)    outside experts or outside consultants (and their regular employees) retained by counsel to assist in the prosecution, defense, or settlement of the above-entitled action;

(iii)   court reporters and reporters transcribing a deposition;

(iv)  persons whom the CONFIDENTIAL material itself indicates were the source, the author, or a recipient of the information;

(v)  individuals or employees of any third-party organization retained to render litigation support services in these lawsuits;

(vi)  any other persons subject to the conditions of Paragraph 12.

Prior to receiving any material designated as CONFIDENTIAL, a qualified person shall be provided a copy of this Protective Order and shall execute an agreement in the form attached hereto as Attachment A.

b.    Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and produced pursuant to this Protective Order may be disclosed or made available only to the Court and its staff, counsel of record for a party in the above-entitled action, including the paralegal, clerical, and secretarial staff employed by such counsel, and to the "qualified persons" listed below:

(i)  outside experts or outside consultants (and their regular employees) retained by counsel to assist in the prosecution, defense, or settlement of the above-entitled action;

(ii)  court reporters and reporters transcribing a deposition;

(iii)  persons whom the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material itself indicates were the source, the author, or a recipient of the information; and

(iv)  individuals or employees of any third-party organization retained to render litigation support services in these lawsuits;

(v)  any other persons subject to the conditions of Paragraph 12.

Prior to receiving any material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, a qualified person shall be provided a copy of this Protective Order and shall execute an agreement in the form attached hereto as Attachment A.

6.      Notwithstanding any other provision of this Protective Order, documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be disclosed to anyone other than the individuals provided for in Paragraph 5, and before any other disclosure or use is made of documents or information so designated, the party intending to disclose the same shall provide notice to all other parties pursuant to the procedures described in Paragraph 14 below, which shall govern the resolution of any dispute concerning the use or disclosure of Confidential Information.

7.      Deposition testimony or portions thereof may be designated as Confidential Information on the record of the deposition or by letter mailed to all counsel within thirty (30) days after receipt of the deposition transcript by counsel for the deponent.  All deposition testimony of a party, and a party's employees or agents, former employees or agents, experts or consultants, shall be deemed Confidential Information until the expiration of thirty (30) days after the receipt of the deposition transcript by that party's counsel.

8.      The portions of depositions referring to Confidential Information shall be taken only in the presence of qualified persons and others entitled to have such Confidential Information disclosed to them as designated in Paragraph 5.  All counsel shall appropriately physically mark their copies of the transcript, but may object to the designation of material as Confidential Information according to Paragraph 14 below.

9.      The inadvertent production of documents or information without a confidentiality designation pursuant to the terms of Paragraph 5 shall not be deemed to constitute a waiver of the Producing Party's right to subsequently designate such material confidential.  The Producing Party shall give prompt written notice to the Receiving Party identifying what specific material was mistakenly produced without a confidentiality designation.  The Receiving Party shall then

mark as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY all

materials identified by the Producing Party as mistakenly produced without a designation and,

from that point forward, shall treat that material as Confidential Information pursuant to the

terms of the confidentiality designation and this Protective Order.  Alternatively, the Receiving

Party shall promptly return the inadvertently produced material to the Producing Party, destroy

all copies in its possession, and allow the Producing Party to mark the documents as

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

      10.    All Confidential Information shall be treated as confidential both during the

pendency of and subsequent to the conclusion of the above-entitled action.  Such Confidential

Information shall be used solely for the prosecution, defense, or settlement of the claims in the

above-entitled action.  Confidential Information shall not be revealed to, disclosed to, or

discussed with any party not specified in this Protective Order, nor shall such Confidential

Information be used for any business, commercial, competitive, personal, or other purposes.

Confidential Information shall not be disclosed to the general public.  Control and distribution of

all Confidential Information covered by this Protective Order shall be the responsibility of the

attorneys of record for each party.

      11.    No party or person to whom Confidential Information is disclosed pursuant to this

Protective Order may use or disclose such Confidential Information, or information contained in

or derived therefrom, other than in the manner provided in Paragraph 5 of this Protective Order

or as permitted or required by an order of the Court.

      12.    Pursuant to Paragraphs 5(a)(vi) and 5(b)(v), a qualified person may review

Confidential Information only after the party seeking to make such disclosure first obtains either

written approval of counsel for the Producing Party, or, in the context of a deposition, oral

approval of such counsel recorded by the stenographer transcribing the deposition.  Furthermore, such disclosure may only be made after the individual to whom the disclosure is proposed signs an agreement in the form attached hereto as Attachment A, acknowledging that he or she has received a copy of this Protective order, has read and understood it, will comply with its intent and provisions, and will hold in confidence any information that is designated as or derived from Confidential Information.

13.     Nothing contained in this Protective Order shall affect a party's right to make any objection, claim of privilege, or otherwise contest any request for production of documents, or the production of documents or the giving of testimony at a deposition.

14.     A party shall not be obligated to object to confidentiality designation at the time the designation is made, and any failure to do so shall not waive the party's later objections.  In the event a party wishes to challenge the confidentiality designation of any document or item of information identified as Confidential Information, the parties shall confer in good faith before any such challenge is presented to the Court.  The challenging party shall give the other party written notice and five (5) business days to respond to such challenge before seeking judicial relief.  If the parties are unable to resolve their dispute, the party challenging the confidentiality designation may move the Court for an order changing the confidentiality designation of such material or otherwise relieving the objecting party from the restrictions contained in this Protective Order.  The party proponent of the designation shall bear the burden of showing good cause to support the designation.  Until such time as the Court decides the issue, such material shall remain confidential.

15.     Confidential Information, or information contained or derived from Confidential Information, must be filed with the Court in sealed envelopes or containers labeled with: (1) the

caption, title, and case number of the above-entitled action; (2) the identity of the party filing or serving the material; (3) the designation of Confidential Information contained therein as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY; (4) a statement such as "This envelope contains documents subject to a Protective Order between the parties to this lawsuit.  It is not to be opened and its contents are not to be displayed, revealed, or made public, except by the Court or pursuant to an Order of the Court."  All Confidential Information so filed shall be maintained under seal and kept confidential until further order of the Court.

16.     The parties shall confer before any hearing, trial, or appeal on the appropriate procedures to protect the confidentiality of information at the hearing or trial, or on appeal.

17.     This Protective Order shall not abrogate or diminish any pre-existing contractual, statutory, or other legal obligation or right of any party with respect to Confidential Information.

18.     The physical stamping or marking of any document permitted by the Protective Order shall not be done in any manner that obstructs the reading of the document or impairs the reading of any such document when duplicated by any conventional duplicating process.

19.     Subject to the discretion of the Court, within sixty (60) days of final termination of the above-entitled action, including all related appeals, unless otherwise agreed to in writing, each party's counsel shall return all copies and summaries of Confidential Information to all Producing Parties or shall certify that all such Confidential Information was duly destroyed. Notwithstanding the foregoing, each party's counsel shall be entitled to retain copies of filed or served court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (including court papers, transcripts, exhibits, and attorney work product that contain Confidential Information) provided that such counsel shall not disclose any such

Confidential Information contained in such court papers, transcripts, exhibits, or attorney work product to any other person or entity except pursuant to a written agreement with the Producing Party or an order of the Court.

20.     No restrictions imposed by this Protective Order may be terminated except by an order of the Court, by stipulation executed by counsel of record for all parties, or upon motion of any party for good cause shown with notice to all parties and granted by the Court.  The final termination of this action shall not eliminate the duty of any party, person, or other entity receiving Confidential Information over the course of the above-entitled action to maintain the confidentiality of the Confidential Information as set forth in this Protective Order.

21.     A party may freely disclose its own Confidential Information to third parties without impairing the obligations imposed by this Protective Order upon others.

22.     Producing Parties may enforce the provisions of this Protective Order by motion to the Court.

23.     Nothing in this Protective Order shall be construed as precluding a party from seeking from the Court such additional protection with respect to Confidential Information that a party may consider appropriate, or from otherwise seeking modification or revision to this Protective Order, consistent with the purpose of the Protective Order.

STIPULATED AND AGREED TO:

                                            BRANDPARTNERS RETAIL, INC.


Date:   January 5, 2010                      /s/ Gordon J. MacDonald
                                            Gordon J. MacDonald, Bar No. 11011
                                            Brendan F. Sullivan, Bar No. 19609
                                            Nixon Peabody LLP
                                            900 Elm Street
                                            Manchester, NH 03101
                                            (603) 628-4000
                                            gmacdonald@nixonpeabody.com
                                            bsullivan@nixonpeabody.com


                                            FRANK BEARDSWORTH


Date:   January 5, 2010                     /s/ Donald L. Smith
                                            Donald L. Smith, Bar No. 13525
                                            Devine, Millimet & Branch LLP
                                            111 Amherst Street
                                            Manchester, NH 03101
                                            (603) 669-1000
                                            dsmith@devinemillimet.com


                                            D. CHRISTOPHER HOWE


Date:   January 5, 2010                     /s/ David A. Anderson
                                            David A. Anderson, Bar No. 12560
                                            Pierce Atwood LLP
                                            Pease International Tradeport
                                            One New Hampshire Avenue, Suite 350
                                            Portsmouth, NH 03801
                                            (603) 433-6300
                                            danderson@pierceatwood.com

SO ORDERED this 6th day of January, 2010.


    /s/ James R. Muirhead
_____
The Honorable James R. Muirhead
United States Magistrate Judge

**ATTACHMENT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| BrandPartners Retail, Inc. | ) |
| | ) |
| | ) |
| v. | ) Docket No. 09-CV-0371-JM |
| | ) |
| Frank Beardsworth and | ) |
| D. Christopher Howe | ) |
| | ) |

I, _____, state as follows:
          (print name)

1. My address is: _____

    _____

    _____

2. I have received a copy of the Stipulation and Protective Order in this action.

3. I have read the Stipulation and Protective Order and I understand it.

4. I will comply with the intent and provisions of the Stipulation and Protective Order.

5. To the extent that I gain access to any information that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or any document or information that is gained from a document that is designated as such, I will hold such information and/or documents in confidence, and will not disclose such information and/or documents to anyone not specified under the terms of the Stipulation and Protective Order.

6. I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulation and Protective Order.


Dated: _____          Signature: _____

12834391.1